| | |
|---|---|
| 1 | **DUMMIT, BUCHHOLZ & TRAPP** |
| | 1661 Garden Highway |
| 2 | Sacramento, California 95833-9706 |
| | Telephone (916) 929-9600 |
| 3 | Fax (916) 927-5368 |
| | Randall R. McKinnon - State Bar No. 97723 |
| 4 | Lawrence R. DeFehr - State Bar No. 179279 |
| 5 | Attorneys for Defendant LONGS DRUGS STORES, INC. |

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHERIE A. ANDERSON, MATT ANDERSON, DAWN ANDERSON, GEORGE ANDERSON and MICHAEL ANDERSON, | ) ) ) ) | Case No. CIV. S-08-1444 JAM JEM |
| Plaintiffs, | ) ) ) | **STIPULATION AND ORDER TO MODIFY THE STATUS (PRE-TRIAL SCHEDULING) ORDER** |
| -vs- | ) ) | |
| UNITED STATES OF AMERICA, LONGS DRUGS STORES, INC and | ) ) ) ) | |
| Defendants. | ) ) | |

Each party to the above -entitled action, by and through their counsel of record, hereby stipulates and requests that the Court modify the Status (Pre-trial Scheduling) Order:

1. The parties hereby agree and stipulate that good cause exists to move all dates in the Status (Pre-trial Scheduling) Order of August 29, 2008, three months forward into the future. (Fed. Rules Civ. Proc., Rule 16.)

2. The need for the modification arises for two reasons. First, despite due diligence on the part of Defendant Longs Drugs Stores, Inc., it is unable to meet the deadlines set out by the Status (Pre-trial Scheduling) Order. Secondly, Plaintiff's counsel has a conflict with the current trial date.

3. The need for Defendant Longs Drugs Stores, Inc. to modify the current Pre-trial Scheduling Order arises out of the November 10, 2008 Order Consolidating Case No. 2:07-CV-01614-

1 LEW-EFB with Case No. S-08-1444-JAM-EFB. Longs Drugs Stores, Inc. is a named Defendant in the first case (Case No. 2:07-CV-01614-LEW-EFB), but was not a named Defendant in the second case (Case No. S-08-1444-JAM-EFB).

4. At the time of the November consolidation, the first case did not have a Scheduling Order and had been stayed by the Court. Whereas, at the time of consolidation, the second case (Case No. S-08-1444-JAM- EFB) had an existing Status (Pre-trial Scheduling) Order that had been issued three months earlier on August 29, 2008. Furthermore, the Court's consolidation order did not reference the prior Status (Pre-trial Scheduling) Order.

5. Defendant Longs Drugs Stores, Inc. was not a party to the second case and thus was not present at the Status Conference. As a result, Longs Drugs Stores, Inc. was unaware of the applicability of the pre-existing Scheduling Order–since the case was not consolidated until November 10, 2008–and was not notified by the Court of it's applicability until February 20, 2009. As a result, Longs Drugs Stores, Inc. cannot reasonably meet the August 29, 2008 Scheduling Order despite its due diligence.

6. Plaintiff's counsel has a trial in Sacramento County Superior Court that is certain to go to trial on November 12, 2008 (*Henry v. Grant Union School District*, Case No. 06AS02922). The case is anticipated to last three weeks and thus, will conflict with the November 30, 2009 trial in this matter.

7. Defendant, United States of America, does not oppose the modification of the Status (Pre-trial Scheduling) Order. Defense counsel for United States of America only requests that the new trial date not be set in April, 2009, since he has a trial scheduled in that month.

8. It is further agreed that this stipulation my be executed in counterpart.

DATED: March 19, 2009          DUMMIT, BUCHHOLZ & TRAPP


By: ___/S/ Lawrence R. De Fehr___
Lawrence R. De Fehr
Attorneys for Defendant LONGS DRUGS STORES, INC.

/ / /

/ / /

| | | |
|---|---|---|
| DATED: | March 19, 2009 | WILCOXEN, CALLAHAN, MONTGOMERY & DEACON |

By:    /S/ Walter H. Loving, III
       Walter H. Loving, III
       Attorney for Plaintiffs

DATED:     March 19, 2009                 UNITED STATES ATTORNEY

By:    /S/ Todd A. Pickles
       Todd A. Pickles
       Attorneys for Defendant UNITED STATES OF AMERICA

**ORDER**

After full consideration of the Stipulation to Modify the Status (Pre-trial Scheduling) Order submitted by counsel, good cause exists to modify the Status (Pre-trial Scheduling) Order.

IT IS HEREBY ORDERED that the current Status (Pre-trial Scheduling) Order be modified as follows:

Court trial in this matter is set for March 15, 2010, at 8:30 a.m. The final Pre-trial Conference is set for February 5, 2010, at 2:00 p.m. All dispositive motions shall be filed by December 9, 2009. Hearing on such motions shall be on January 6, 2010, at 9:00 a.m. All discovery shall be completed by October 30, 2009. The parties shall make expert witness disclosure under Fed. R. Civ. P. 26 (a) (2) by July 30, 2009. Supplemental disclosure and disclosure of any rebuttal experts under Fed. R. Civ. P. 26 (a) (2) (c) shall be made by August 31, 2009.

DATED: March 20, 2009

       /s/ John A. Mendez
       JOHN A. MENDEZ
       U. S. DISTRICT JUDGE

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | *Anderson v. Longs Drugs, et al.*          *District Court Case No. 2:08-CV-01444-JAM-EFB* |

I am a citizen of the United States, and employed in the County of Sacramento. I am over the age of eighteen (18) years and not a party to the within above-entitled action. My business address is 1661 Garden Highway, Sacramento, California 95833-9706.

On this date, I served the following on each of the interested parties listed below:

**STIPULATION AND PROPOSED ORDER TO MODIFY THE STATUS (PRE-TRIAL SCHEDULING) ORDER**

| *Representing Plaintiffs:* | *Representing: United States of America:* |
|---|---|
| Walter H. Loving, III | Todd A. Pickles |
| Wilcoxen Callahan Montgomery & Deacon | Assistant United States Attorney |
| 2114 K Street | Eastern District of California |
| Sacramento, CA 95816 | 501 I Street, Suite 10-100 |
| Phone: 916/442-2777 | Sacramento, CA 95814 |
| Fax:    916/442-4118 | Direct: (916) 554-2766 |
| | Fax: (916) 554-2900 |

___ *Via United States Postal Service*. By depositing for collection and mailing, following ordinary business practices, a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid. I am familiar with the business practices of the law offices of Dummit, Buchholz & Trapp for collecting and processing mail, and know that this document was collected, processed and deposited with the United States Postal Service on this same date.

___ *Via Overnight Mail Service*. By causing a true copy thereof, enclosed in a sealed envelope, to be delivered via the following overnight mail courier service: ***United Parcel Service ("UPS")***. The above envelopes were placed for collection and delivery by UPS with fees thereon fully prepaid or provided for in accordance with ordinary business practices.

✓ *Via Facsimile*. By sending a true copy thereof by facsimile machine to the numbers listed herein.

___ *By Personal Delivery*. By personally delivering a true copy thereof enclosed in a sealed envelope.

Executed on March 19, 2009, at Sacramento, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/S/ Angelina M. Lopez
Angelina M. Lopez